[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 15, 2006
THOMAS K. KAHN
CLERK

No. 05-16269
Non-Argument Calendar

_____

D. C. Docket No. 03-03127-CV-PWG-S

AUBREY D. HUDSON,

                                        Plaintiff-Appellant,

     versus

MR. BURCH FORMALWEAR, INC.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 15, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Audrey Hudson, an African-American female, appeals the entry of summary judgment in favor of Mr. Burch Formalwear, Inc. ("Burch") on a race-based failure-to-promote claim brought under 42 U.S.C. § 1981,[1] and two equal pay claims brought under the Equal Pay Act, 29 U.S.C. § 206(d)(1), and Title VII, 42 U.S.C. § 2000e-2(a).[2] No reversible error has been shown; we affirm.

Hudson began working at Burch's downtown location in 1993 as a shirt presser. After approximately one year, she began to perform spotting and cleaning duties, assist customers, and mark and tag customer clothing. At times, she also filled in some of the work schedule for the store when Mike Burch, the Plant Manager of the downtown location, was unavailable. Hudson printed out outstanding bills and printed the payroll paper for Mike Burch. She opened or closed the store a few times each week. In August 1999, Burch asked Hudson to transfer to the company's Greensprings location until Burch could find a

---

[1] Hudson also raised this failure-to-promote claim under Title VII. The district court determined that this Title VII claim was untimely, a conclusion that Hudson does not challenge on appeal.

[2] Before the district court, Hudson presented additional claims of discrimination, including (1) a failure-to-promote claim involving the promotion of Bob Gill at Burch's Greensprings plant; (2) a failure-to-promote claim involving Mike Agee at Burch's downtown location; (3) a disparate pay claim involving Gill; and (4) a constructive discharge claim. But she makes no argument on appeal about these claims; therefore, they are abandoned. See Marek v. Singletary, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995). In addition, before the district court, Hudson voluntarily dismissed a claim of age discrimination involving the hiring of Rusty Downs as Plant Manager at Burch's Vestavia location.

permanent manager for that location. Hudson agreed to the transfer, and her pay was increased from $500 to $600 per week.

After working at the Greensprings location for a few months, Hudson was transferred back to the downtown location when Burch placed a new manager in the Greensprings store. In July 2001, Hudson's pay was increased to $650 per week. In January 2002, Burch hired Rusty Downs, a Caucasian male, as Plant Manager of the company's Vestavia location. In February 2003, Mike Burch resigned as Plant Manager of the downtown location; and Burch increased Hudson's salary to $700 per week because she was to oversee production at the downtown store. A few days after Mike Burch resigned, Burch hired Mike Agee, a Caucasian male, to be Plant Manager of the downtown location at a salary of $770 per week. Burch also increased Hudson's salary to $770 per week. Hudson resigned from Burch in March 2003.

We review a district court's grant of summary judgment de novo, viewing the facts -- as supported by the evidence in the record -- and reasonable inferences from those facts in the light most favorable to the nonmoving party. Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004). Summary judgment is proper where no genuine issue of material fact exists. Id.

Hudson first challenges the district court's determination that she did not demonstrate that Burch's proffered legitimate, non-discriminatory reason for not promoting her to Plant Manager of the Vestavia location was pretextual. We apply the same analytical framework to Title VII and § 1981 discrimination claims. See Cooper v. Southern Co., 390 F.3d 695, 724-25 (11th Cir. 2004). To establish discrimination in a failure-to-promote case using circumstantial evidence, Hudson must demonstrate (1) she belonged to a protected class, (2) she was qualified for the position that the employer was seeking to fill,[3] (3) despite her qualifications, she was rejected for the position, and (4) the position was filled with a person outside the protected class. Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 768 (11th Cir. 2005); see also Walker v. Mortham, 158 F.3d 1177, 1186-87 (11th Cir. 1998) (discussing development of prima facie case in failure-to-promote context).

"Once the plaintiff has made out the elements of the prima facie case, the burden shifts to the employer to articulate a non-discriminatory basis for its employment action." Vessels, 408 F.3d at 767. Plaintiff then must show that the

---

[3]"[W]here an employer does not formally announce a position, but rather uses informal and subjective procedures to identify a candidate, a plaintiff need not show . . . that [she] applied for the position - only that the employer had some reason to consider [her] for the post." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 768 (11th Cir. 2005).

employer's reason was pretext by demonstrating that a discriminatory reason more likely motivated the employer or by showing that the employer's explanation is unworthy of credence. Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997).

Here, we assume that Hudson established a prima facie case. Burch has articulated as its legitimate, non-discriminatory reason for not promoting Hudson to Plant Manager at the Vestavia location that Downs possessed the best qualifications for the position.[4] In response, Hudson argues that the actual reason that Burch did not select her as Plant Manager was that she did not request a promotion and was not interested in a promotion. Hudson asserts that, by presenting evidence that Burch promoted Downs because of Hudson's lack of interest in the Plant Manager position, she can survive summary judgment because she has demonstrated that Downs's superior qualifications were not the real reason that he was selected for the job.

Hudson has failed to show that a genuine issue of material fact exists about whether Downs's qualifications were the actual reason that he was selected to be

---

[4]Downs's previous managerial experience included two years working as plant manager of another dry cleaners and nine years working as a restaurant manager. Downs also had worked for nine years as executive assistant of administrative services for the Louisiana Department of Corrections.

Plant Manager. Hudson's claim that Burch did not choose her because Burch management believed that she was not interested in the Plant Manager position does not show that a discriminatory reason motivated Burch in its decision, nor does it show that Burch's proffered reason -- that Downs possessed superior qualifications -- is unworthy of credence. See Combs, 106 F.3d at 1528.

Hudson also contends that the district court erred in granting summary judgment to Burch on her equal pay claims about Downs and Agee. About Downs, Hudson asserts that her highest weekly salary at Burch was $770, which was less than Downs's $1,000 weekly salary as Plant Manager at the Vestavia location, even though Hudson performed "a majority" of managerial functions at the downtown location. About Agee, Hudson contends that she and Agee were considered "equals"; but Agee's starting weekly salary was $770, which was $70 higher than Hudson's weekly salary at that time.

"An employee demonstrates a prima facie case of an Equal Pay Act violation by showing that the employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions." Steger v. Gen. Elec. Co., 318 F.3d 1066, 1077-78 (11th Cir. 2003). A plaintiff may establish a prima facie equal pay violation of Title VII by showing that she is

female and that her job was substantially similar to higher paying jobs occupied by men. Mulhall v. Advance Sec., Inc., 19 F.3d 586, 598 (11th Cir. 1994).

Both of Hudson's equal pay claims fail at the prima facie stage. Her claim about Downs fails because she has not demonstrated that she and Downs performed equal work or had substantially similar jobs. The evidence, viewed in Hudson's favor, shows that she completed some -- but not all -- of the duties that a manager, such as Downs, performed. Burch managers resolved all scheduling matters for their store, a task that Hudson only did on occasion. In addition, Hudson does not point us to evidence that she handled the money for a Burch store or completed paperwork on the store's financial matters, as Burch managers did. Hudson also did not write-up employees independently, which managers were allowed to do; instead, she always consulted Mike Burch before writing up an employee. And throughout her work for Burch, she continued to do spotting and cleaning, which Downs did not do.

Important, even assuming that Hudson established a prima facie case of an Equal Pay Act violation, she has not shown that Burch's reason for paying her less than Downs was pretextual. See Steger, 318 F.3d at 1078 (explaining that, if plaintiff establishes a prima facie case, employer has burden of presenting a reason

7

for pay difference other than plaintiff's sex, which plaintiff then may rebut as pretext for a sex-based differential in pay).

About Agee, who received a starting salary of $770 per week at the downtown store, even if we were to assume that Hudson and Agee had substantially similar jobs, the record shows that, but for a one-time payroll processing error that was corrected, Hudson received the same weekly salary as Agee. Therefore, the district court did not err in granting summary judgment to Burch on Hudson's equal pay claims.

AFFIRMED.